IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARREN SMALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 15-1029-SLR |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

Warren Small. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

December 27, 2016
Wilmington, Delaware

*Sue L. Robinson*

**ROBINSON**, District Judge

## I. INTRODUCTION

Currently before the court is Warren Small's ("petitioner") application for a writ of

habeas corpus filed pursuant to 28 U.S.C. § 2254 ("application"). (D.I. 8) The State

filed an answer in opposition. (D.I. 19) For the reasons that follow, the court will

dismiss petitioner's § 2254 application.

## II. BACKGROUND

The facts leading up to petitioner's arrest and conviction are as follows:

[Petitioner's] brother, Theodore Small, was under investigation for drug dealing in the summer of 2012. Theodore Small resided at 27 Bedford Drive in Edgemoor Gardens. New Castle County Police twice observed a confidential informant purchase heroin from Theodore Small at 27 Bedford Drive.

The police obtained a search warrant for 27 Bedford Drive. [Petitioner] was incorrectly listed as one of the owners of the house based on a New Castle County property search ([petitioner] had the same name as his father, who owned the house along with [petitioner's] mother, but 27 Bedford Drive was also listed as [petitioner's] address in a May 2012 police report. The search warrant was executed on September 28, 2012. Theodore Small was detained outside of the house.

The police saw [petitioner] approaching 27 Bedford Drive and detained him. After [petitioner] was handcuffed and advised of his rights under *Miranda v. Arizona*, he was asked if there was anything illegal in the house. [Petitioner] stated that there was a handgun he was holding for a friend in a safe located in a hallway closet on the first floor.

[Petitioner] provided the police with keys that opened the safe. The police found a gun and two small safe boxes inside the hallway safe. One of the smaller safe boxes contained money and a Department of Correction identification card with [petitioner's] picture. The police also found multiple bags of heroin in the house. No usable fingerprints were retrieved from the gun. DNA testing was performed on the gun, but [petitioner] and his brother could not be excluded or included as contributors of DNA found on the gun.

*Small v. State*, 106 A.3d 1050 (Table), 2015 WL 71631, at *1-2 (Del. Jan. 5, 2015).

Petitioner was arrested on September 28, 2012 and subsequently indicted on possession of a firearm by a person prohibited ("PFBPP").  (D.I. 19 at 2)  His defense counsel moved to withdraw on June 4, 2013, and petitioner waived his right to counsel on June 18, 2013, the first day of trial.  A Delaware Superior Court jury found petitioner guilty as charged.  *Id.*  Petitioner moved for a new trial, which the Superior Court denied. *Id.*  On November 15, 2013, the Superior Court sentenced petitioner to eight years and six months at Level V, with credit for 221 days previously served, suspended after five years for six months at Level IV, followed by two years at Level III probation.  (D.I. 19 at 3)  On February 28, 2014, the Superior Court corrected petitioner's sentence as follows: eight years at Level V, with credit for 221 days previously served, suspended after five years for two years at Level IV, in turn suspended after six months for two years at Level III.

Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentence on January 5, 2015.  *See Small*, 2015 WL 71631.  However, on April 22, 2014, while his appeal was pending, petitioner filed a state petition for a writ of habeas corpus.  (D.I. 19 at 3)  The Superior Court denied the habeas petition on April 29, 2014. *Id.*

On April 30, 2015, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  (D.I. 19 at 3)  In July 2015, petitioner's former pre-trial counsel and stand-by counsel at trial filed a responsive Rule 61 affidavit.  The Superior Court denied the Rule 61 motion as moot on August 3, 2015 based on petitioner's July 22, 2015 notification that "the Rule 61 post-

2

conviction motion in IN12-10-2278 ID No. 1209020733 is to be withdrawn." (D.I. 22-1 at Entry No. 74) Petitioner did not appeal that decision.

Petitioner timely filed the instant application in January 2016. (D.I. 8)

## III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that

3

court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750*; Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51.  To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001).  The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United*

4

*States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. STANDARD OF REVIEW

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as explained by the Supreme Court, "it may be presumed that the state

court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 98-100 (2011).

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## V. DISCUSSION

The instant application asserts twenty-nine claims, as set forth below.

Claims 1, 2, 3, 26: the police obtained search and arrest warrants in violation of *Franks v. Delaware*, 438 U.S. 154 (1978), and arrested him without probable cause.

Claim 4: petitioner's statement to the police should have been excluded because he involuntarily waived his *Miranda* rights.

Claims 5, 6,16: pre-trial counsel provided ineffective assistance by failing to file a motion to suppress.

Claim 7: the detective's identification of petitioner was impermissibly suggestive.

Claim 8: the State improperly used his "co-defendant's statement" against him in violation of the Sixth Amendment's Confrontation Clause

Claims 9, 17: the police committed perjury while testifying at the preliminary hearing and the State elicited perjured testimony at trial.

Claim 10:  the State failed to provide petitioner with discovery materials after he chose to represent himself.

Claims 11, 25:  the Superior Court improperly denied petitioner's motions for judgment of acquittal and new trial.

Claims 12, 24:  the Superior Court refused to provide him with transcripts of the preliminary hearing for use at trial.

Claim 13: the State submitted into evidence an altered copy of petitioner's photo identification.

Claim 14:  the State engaged in prosecutorial misconduct during the closing argument.

Claim 15:  the Superior Court denied a motion to continue the trial.

Claim 18:  the Superior Court denied his state habeas petition.

Claims 19, 20, 21:  appellate counsel provided ineffective assistance by filing a non-merit brief.

Claim 22:  the Delaware Supreme Court should have appointed new counsel on direct appeal.

Claim 23:  the transcripts were altered.

Claims 27, 28:  the State engaged in selective prosecution.

Claim 29:  Detective Bouldin should not have testified.

## A.  Claims One, Two, Three, Twenty-Six:  Barred by *Stone v. Powell*

In claims one, two, three, and twenty-six, petitioner contends that the police

obtained the search and arrest warrants in violation of *Franks v. Delaware*, 438 U.S.

154 (1978), and that the Superior Court erred in not holding a hearing to consider this

issue.  The court concurs with the State's assertion that these claims allege a violation

of petitioner's Fourth Amendment rights.

7

Pursuant to *Stone v. Powell*,  428 U.S. 465, 494 (1976), a federal court cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *See also Wright v. West*, 505 U.S. 277, 293 (1992).  The "full and fair" hearing requirement is satisfied if the state courts provided the petitioner with a pre-trial suppression hearing and the Fourth Amendment claim was considered on appeal. *See United States ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *United States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 906-07 (3d Cir. 1977).  In the Third Circuit, a petitioner can avoid the *Stone* bar only by demonstrating that the state system contains a structural defect that prevented full and fair litigation of the Fourth Amendment claim;  "[a]n erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar." *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

Rule 41 of the Delaware Superior Court Criminal Rules authorizes a defendant to file a pre-trial motion to suppress evidence, thereby providing a mechanism for presenting Fourth Amendment issues to the Delaware State Courts.  Consequently, no structural defect in Delaware's system prevented petitioner from litigating his claim. Additionally, the fact that petitioner's pre-trial counsel did not file such a motion to suppress is immaterial to *Stone*'s "full and fair opportunity" analysis because it does not constitute a structural defect. *See, e.g., Marshall*, 307 F.3d at 82; *Gilmore v. Marks*, 799 F.2d 51, 56 (3d Cir. 1986), *cert. denied*, 479 U.S. 1041 (1987).  Finally, the Superior Court's refusal to consider an untimely *Franks* argument raised at trial does not constitute a structural defect that would allow a habeas petitioner to avoid the *Stone*

8

bar. *See Winn v. Phelps*, 2011 WL 4543968, at \*9-10 (D. Del. Sept. 29, 2011); *Jones v. Phelps*, 2009 WL 222795, at \*3 (D. Del. Jan. 29, 2009). For all of these reasons, the court will deny claims one, two, three, and twenty-six as barred by *Stone*.

### B. Claim Eighteen: Not Cognizable

It is well-established that "[s]tate courts are the ultimate expositors of state law,"[1] and claims based on errors of state law are not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). When reviewing a federal habeas application, a "court is limited to deciding whether the conviction violated the Constitution, law, or treaties of the United States." *Id.* at 68.

In claim eighteen, petitioner contends that the Superior Court improperly denied his state habeas petition. However, a petitioner's challenge to a state collateral proceeding is not cognizable on federal habeas review. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)("the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state . . . proceeding that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation.")(emphasis in original); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)(extending *Hassine* to any allegations of error in the course of a petitioner's post-conviction proceeding, not just to a delay of such a proceeding). Therefore, the court will deny claim eighteen for failing to allege an issue cognizable on federal habeas review.

---

[1]*Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

9

## C. Procedurally Barred Claims

As explained more fully below, claims four through seventeen, nineteen through twenty-five, and claim twenty-nine are deemed technically exhausted but procedurally defaulted for various reasons. However, given the repetitive nature of these claims, the court will address petitioner's argument as to why he believes he exhausted state remedies, as well as the miscarriage of justice exception to the exhaustion doctrine in the instant section. The court notes that its rejection of petitioner's exhaustion argument and the miscarriage of justice exception applies to all of the procedurally barred claims. The court will independently address the cause and prejudice test for the claims below.

In his reply to the State's answer, petitioner contends that he did not default any of his claims, because this court's issuance of its order directing petitioner to file a filled out § 2254 form application relieved him of the obligation to satisfy AEDPA's exhaustion requirement. Petitioner appears to believe that the court's acceptance of his documents for filing purposes somehow constituted a decision regarding the exhaustion requirement. This argument is unavailing. AEDPA's exhaustion pre-requisite can only be satisfied by properly filing a state post-conviction motion in state court; the filing of a federal habeas application, and a federal court's acceptance of such a filing, in no way affects a petitioner's requirement to exhaust, and does not constitute a determination that the petitioner satisfied the exhaustion requirement. To the extent the court should construe petitioner's repetitive and vague allegations regarding his state habeas petition as a contention that he exhausted state remedies by filing a state habeas petition, this argument is similarly unavailing. In Delaware, a writ of habeas corpus provides relief on

10

a very limited basis, and a petition for a writ of habeas corpus is not the proper mechanism by which to raise the instant claims. *See Buchanan v. Johnson,* 723 F. Supp. 2d 727, 733 n.2 (D. Del. 2010); *see also Golla v. State*, 135 A.2d 137 (Del. 1957)(writ of habeas corpus may not be used as writ of error to review errors in the conduct of the trial; such errors must be raised on direct appeal). Finally, since petitioner has not provided any new reliable evidence of his actual innocence, petitioner's default cannot be excused under the miscarriage of justice exception. Thus, the court will proceed to review the unique aspects of each of the following claims and address the issue of additional cause and prejudice for the claims which warrant such a discussion.

### 1. Claim four

In claim four, petitioner contends that the Superior Court should have excluded his statement to the police because he involuntarily waived his *Miranda* rights. The record reveals that petitioner moved to suppress his police statement on the day of trial, and the Superior Court refused to consider the motion because "the time for filing motions was over and it was a trial day, not a suppression day." *Small*, 2015 WL 71631, at *3. On direct appeal, petitioner challenged the Superior Court's decision and argued that the Superior Court should have suppressed his police statement. The Delaware Supreme Court affirmed the Superior Court's refusal to consider petitioner's "untimely efforts at trial to suppress his statement to the police and evidence obtained as a result of the warrants." *Id.*

Since petitioner presented the argument in claim four on direct appeal, he has exhausted state remedies.  However, by affirming the Superior Court's refusal to consider petitioner's attempt to suppress his police statement because it was untimely, the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed* that its decision rested on procedural  grounds.  The State contends that the procedural rule regarding the timing of a suppression motion constitutes an independent and adequate procedural rule precluding federal habeas review.  Whether or not the rule constitutes an independent and adequate state procedural rule is a question of first impression for this court.  For the following reasons, the court concludes that the timeliness pre-requisite regarding a suppression motion constitutes an independent and adequate state law barrier to federal habeas review.

A state procedural rule is "independent" if it is independent of the federal question.  *See Coleman*, 501 U.S. at 750; *see also Leake v. Dillman*, 594 F. App'x 756, 758-59 (3d Cir. 2014).  "A state procedural rule is adequate if it was firmly established and regularly followed at the time of the alleged procedural default."  *Ford v. Georgia*, 498 U.S. 411, 424 (1991).  To "be considered firmly established and regularly followed, (1) the state procedural rule must speak in unmistakable terms; (2) all appellate courts must have refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instance must be consistent with other decisions."  *Lewis v. Horn*, 581 F.3d 92, 105 (3d Cir. 2009)(internal citations omitted).  Delaware's time limitation for suppression motions, and the Delaware Supreme Court's application of these pre-requisites to petitioner's case, satisfy all of these requirements.  First, the deadline for

12

filing pre-trial motions to suppress is governed by Delaware Superior Court Criminal Rule 12 (b)(3), (c).[2]  Read together, these provisions provide that a suppression motion must be raised prior to trial by a date set by the court. *See* Del. Super. Ct. Crim. R. 12(b)(3), (c).  Rule 12(e) specifically provides that a ruling on a pre-trial motion "shall be determined before trial unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue."  Del. Super. Ct. Crim. R. 12(e).  In short, Rule 12's language regarding the time to file and rule on suppression motions speaks in clear and unmistakable terms, and does not refer to or rely on federal laws or issues.

Second, the Delaware Supreme Court's affirmance of the Superior Court's denial of petitioner's suppression efforts as untimely was consistent with other Delaware Supreme Court decisions.  For instance, since at least 1998, the Delaware Supreme Court has regularly refused to consider suppression claims on direct appeal when the defendant has not filed a motion to suppress in Superior Court.  *See Davis v. State*, 38 A.3d 278, 281 (Del. 2012); *Miller v. State*, 2010 WL 3328004, at *2 (Del. Aug. 24, 2010); *Mathis v. State*, 2008 WL 2083148, at *2 (Del. May 19, 2008); *Pennewell v. State*, 2003 WL 2008197, at *1-2 (Del. Apr. 29, 2003); *Mays v. State*, 2003 WL 231615, at *5 (Del. Jan. 31, 2003); *Barnett v. State*, 691 A.2d 614, 616 (Del. 1997)(abrogated on other grounds).

Given the Delaware Supreme Court's explicit explanation that its refusal to review the substance of petitioner's instant argument was due to the fact that

---

[2]Although the Superior Court did not explicitly cite to Delaware Superior Court Criminal Rule 12 when it denied petitioner's suppression request on June 18, 2013 (the first day of trial), the Superior Court's statement that the time for filing motions is over and that "today is not a suppression day" implicitly refers to Rule 12's filing deadline. (D.I. 22-3 at 7)

13

petitioner's efforts to suppress his police statement were untimely, the court concurs with the State's contention that the Delaware Supreme Court relied on an independent and adequate state procedural rule in refusing to review the merits of claim four. Thus, claim four is procedurally defaulted, meaning that the court cannot review its merits absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

Having determined that petitioner failed to demonstrate cause, the court will not address the issue of prejudice. Therefore, the court will deny claim four as procedurally barred.

### 2. Claims five, six, and sixteen

In claims five, six, and sixteen, petitioner asserts that pre-trial counsel provided ineffective assistance by failing to file a motion to suppress. Although petitioner filed a Rule 61 motion raising these claims, the Superior Court granted his request to voluntarily withdraw the Rule 61 motion in August 2015. As a result, petitioner did not present the instant claims to the Delaware Supreme Court on post-conviction appeal, which means that they are unexhausted. However, since any attempt to present these claims in a new Rule 61 motion would be time-barred under Rule 61(i)(1), the court must treat the claims as exhausted but procedurally defaulted.

Petitioner does not allege a cause for his default of these claims. To the extent the court should consider the absence of appointed counsel for petitioner's Rule 61 motion as providing cause under *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012), the court concludes that it cannot excuse petitioner's default because he has failed to

14

demonstrate prejudice.[3]  For instance, pre-trial counsel stated that he refrained from

filing such a motion because he believed one to be meritless.  (D.I. 22-3 at 5-6)  Pre-trial

counsel also submitted an affidavit in which he stated: "it was clear there were grounds

to seek a search warrant."  (D.I. 22-9 at 1)  Moreover, petitioner admitted to the police

that he was holding a gun, and his keys opened the safe where the gun was located

with his identification.  For these reasons, the court will deny claim five, six, and sixteen

as procedurally barred.

### 3. Claim seven

In claim seven, petitioner appears to contend that a police officer's identification

of him in a search warrant and during the preliminary hearing was impermissibly

suggestive.  Petitioner did not present this argument to the Delaware Supreme Court.

Since any attempt to obtain further review of this claim in a new Rule 61 motion would

be barred as untimely under Rule 61(i)(1) and procedurally defaulted under Rule

61(i)(3), claim seven is deemed technically exhausted but procedurally defaulted.

Petitioner does not allege any additional cause for his default of the instant claim.  As

such, the court will not address the issue of prejudice.  Thus, the court will deny claim

seven as procedurally barred.

### 4. Claim eight

In claim eight, petitioner contends that the State improperly used his co-

defendant brother's statement against him in violation of the Confrontation Clause.

---

[3]The court notes that petitioner also raised claims nine, ten, fifteen, and seventeen in
the Rule 61 motion he eventually withdrew.  (D.I. 9 at 75-77)  Thus, when the court
discusses these claims, it will presume that *Martinez* provides cause for petitioner's
default and proceed to the prejudice inquiry.

15

Petitioner did not present this argument to the Delaware Supreme Court. Since any attempt to obtain further review of this claim in a new Rule 61 motion would be barred as untimely under Rule 61(i)(1) and procedurally defaulted under Rule 61(i)(3), claim eight is deemed technically exhausted but procedurally defaulted.

Petitioner does not allege any additional cause for his default of the instant claim and, as a result, the court does not need to address the issue of prejudice. Nevertheless, petitioner cannot demonstrate any prejudice caused by the default of this claim. During his trial, a police officer testified: "At some point when we interviewed [Theodore Small] on the scene, he mentioned that he was aware that his brother was keeping a gun in a safe." (D.I. 22-5 at 30) Petitioner objected, and the Superior Court sustained the objection and instructed the jury: "Ladies and gentlemen, there has been some testimony as to what Theodore Small has said. You are to disregard any testimony about Theodore Small's statements. He is not here at this point." *Id.* Given these circumstances, petitioner cannot establish that he would be prejudiced by the court's refusal to consider this claim. Therefore, the court will deny claim eight as procedurally barred.

### 5. Claims nine and seventeen

In claims nine and seventeen, petitioner argues that police perjured themselves during his trial. He raised this argument in his Rule 61 motion. However, since he withdrew that motion, he never presented the claims to the Delaware Supreme Court. Any attempt to obtain further review of these claims in a new Rule 61 motion would be

16

barred as untimely under Rule 61(i)(1) and procedurally defaulted by Rule 61(i)(3). Therefore, these claims are technically exhausted but procedurally defaulted.

Petitioner does not allege any cause for his default and, even if the court were to view *Martinez* as providing cause, petitioner cannot demonstrate prejudice. Petitioner appears to argue that he did not "give" police the key to the safe containing the gun, because the police patted him down and found the keys in his pocket. (D.I. 22-5 at 42, 43; D.I. 22-7 at 28) This semantic argument does not establish prejudice, because the keys opened up the safe in which the gun was found. Any dispute as to how petitioner's keys went from his pocket to the police who used the keys to unlock the safe does not amount to perjury, because petitioner has not demonstrated that the police officer intentionally made a false statement or that the statement was material. *See* Del. Code tit. 11, §§ 1224 and 1235(a).

Petitioner also complains about the manner in which the police collected drug evidence and about purported inconsistencies on that topic. However, since petitioner was only indicted on PFBPP, he cannot show prejudice regarding any drug-related testimony that he himself elicited from police witnesses during cross-examination. For all of these reasons, the court will deny claims nine and seventeen as procedurally barred.

### 6. Claim ten

In claim ten, petitioner asserts that the State failed to give discovery materials previously supplied to pre-trial counsel to him personally after the Superior Court granted him permission to represent himself. Specifically, petitioner requested pictures

17

of the Suboxone, recordings of serial numbers on money used in the controlled buys

that police conducted prior to obtaining a search warrant, and photos of the keys and

safe itself. Petitioner filed numerous discovery motions after his trial, but he did not

appeal the Superior Court's denial of the motions. Moreover, although petitioner

presented this argument in his withdrawn Rule 61 motion, he never presented it to the

Delaware Supreme Court on post-conviction appeal, and any attempt to obtain further

review would be barred under Rule 61(i)(1) and Rule 61(i)(3). Thus, the claim is

procedurally defaulted.

Even if the court presumes that *Martinez* provides cause for petitioner's default of

claim ten, he cannot demonstrate prejudice. In its July 9, 2015 order, the Superior

Court found:

> [Petitioner] is aware that the State did not withhold any of the documents that
> [petitioner] now seeks. Indeed, [petitioner's] "Motion requesting production of
> Discovery" includes a copy of the State's discovery response letter. It is
> undisputed that the State provided discoverable materials on March 26, 2013 to
> [petitioner's] attorney. It also appears as though [petitioner's] attorney (who
> became his standby counsel shortly before trial) discussed the discovery with
> [petitioner] and eventually provided the discovery materials to [petitioner].

(D.I. 22-10 at 8) The Superior Court recounted the lengthy list of discovery materials

the State provided, which included a CD containing photographs. The alleged absence

of photographs of drugs found in the search or serial numbers from currency used in the

controlled buys preceding the search might have had some relevance to drug crimes

but, again, the grand jury only indicted petitioner on PFBPP. Regarding photographs of

the keys and the safe, police testified to taking photographs of the safe, but not of the

keys, and to not retaining the keys in evidence. (D.I. 22-7 at 28)

18

In addition, although not the same issue, on direct appeal the Delaware Supreme

Court found:

> Second, [petitioner] complains that the keys to the safe, Suboxone (a prescription drug) found in the safe, and heroin his brother sold to the confidential informant were not collected by the police. The State has a duty to collect and preserve evidence that may be material to the defense. [Petitioner] does not explain how any of these items were material to his defense to the charge of PFBPP. [Petitioner] was actually able to use the absence of the keys to his benefit, by arguing during his closing argument that there was no evidence that the keys ever existed. Accordingly, these claims are without merit.
>
> Third, [petitioner] complains that he was denied access to serial numbers on currency. [Petitioner] does not specify what currency he is referring to (currency found in the house, currency found in the safe, currency found with people at the house, or other currency) and does not explain how such serial numbers would have any relevance to his defense to the charge of PFBPP. We conclude that this claim is without merit.

*Small*, 2015 WL 71631, at *3-*4 (footnotes and paragraph numbers omitted).  For all of

these reasons, the court concludes that petitioner has not shown he will be prejudiced if

the court refuses to review claim ten.  Accordingly, the court will deny claim ten as

procedurally barred.

### 7. Claims eleven and twenty-five

In claims eleven and twenty-five, petitioner assert that the Superior Court

incorrectly denied his motion for new trial because the State failed to prove that the

firearm was operable.  Although petitioner filed a motion for new trial, operability of the

firearm does not appear to have been the basis for that motion.  Additionally, petitioner

did not present a claim regarding lack of evidence of operability of the firearm to the

Delaware Supreme Court.  Thus, these claims were not exhausted.

At this juncture, if petitioner were to file a new motion for post-conviction relief in which he raised the issue, the state courts would deny the claims under Rule 61(i)(1) and Rule 61(i)(3). Therefore, the claims are deemed exhausted but procedurally defaulted.

Petitioner has not asserted any cause for his default of these two claims and, as a result, the court does not need to address the issue of prejudice. Nevertheless, any attempt to demonstrate prejudice would fail. Delaware law expressly defines a firearm as "any weapon from which a shot, projectile or other object may be discharged by force of combustion, explosive, gas and/or mechanical means, whether operable or inoperable, loaded or unloaded. It does not include a BB gun." 11 Del. Code § 222(11); *see, e.g., Poon v. State*, 880 A.2d 236, 239 (Del. 2005). Since the State was not required to prove that the weapon police found in the safe with petitioner's photo identification was operable, the court will deny the instant claims as procedurally barred.

### 8. Claims twelve and twenty-four

Petitioner asserts that the Superior Court deprived him of access to transcripts from the preliminary hearing in his case for use during his cross examination of police officers. Petitioner never presented the claims to the Delaware Supreme Court, and were he to do so now, they would be barred by Rule 61(i)(1) and Rule 61(i)(3). Thus, the claims are deemed exhausted but procedurally defaulted.

Petitioner does not assert any cause for his default. He also cannot demonstrate any prejudice from this court's refusal to consider the claims because he actually had

the transcripts and used them at trial.  The following discourse occurred between

petitioner and the Superior Court during his trial on June 18, 2013:

> Superior Court: [Petitioner], I just wanted to make note of the fact that I
> understand from the Prothonotary's office that they have located the preliminary
> hearing transcript that was in your brother's file.
>
> Petitioner: Yes.
>
> Superior Court: And it has been provided to you. Is that correct?
>
> Petitoiner: Oh, no, I haven't gotten it.
>
> Superior Court Clerk: It's right there.
>
> Petitioner: Oh, this is what this is? I didn't know that's what that was.
>
> Superior Court: Well, that's what that is. You have it in your hand now. It's your
> preliminary hearing transcript. All right?
>
> Petitioner: Okay. Thank you.

(D.I. 22-3 at 11)

The trial transcripts also reflect that petitioner used the preliminary hearing

transcripts while he cross-examined at least one police witness.

> Petitioner: Okay. One more line of questioning. Just one more line of
> questioning, as soon as I find it. Just bear with me. All right. At the
> preliminary hearing during the questioning, you said that – oh, I found it.
> All right. All right. So I was detained. Then we went to New Castle
> County headquarters?

(D.I. 22-5 at 38)

Given all of these circumstances, the court will deny claims twelve and twenty-

four as procedurally barred.

21

### 9. Claim thirteen

In claim thirteen, petitioner contends that the State submitted an altered copy of

his photo identification.  Although petitioner presented this claim to the Delaware

Supreme Court on direct appeal, that court analyzed it only for plain error under

Delaware Supreme Court Rule 8 due to petitioner's failure to raise the issue during his

trial in the Superior Court.  *See Small*, 2015 WL 71631, at *3 n.9.  Rule 8 is an

independent and adequate state law ground that precludes federal habeas review,

absent a showing of cause and prejudice or a miscarriage of justice.  *See Campbell*,

515 F.3d at 175.  Therefore, the claim is procedurally defaulted.

Petitioner does not assert cause for his default.  Although the court does not

need to address the issue of prejudice in these circumstances, the record demonstrates

that petitioner will not prejudiced if the court does not review his instant argument.  As

the Delaware Supreme Court held on direct appeal,

> [petitioner] claims the identification card with his photograph was tampered with
> because it was removed from its plastic cover and switched with another card.
> The record reflects that [petitioner's] identification card was photographed and
> the photograph was redacted to remove a reference to the Department of
> Correction to address the Superior Court's concerns of prejudice to [petitioner].
> [Petitioner] does not explain how removal of the identification card from the
> plastic cover prejudiced him and does not offer any support for his claim that the
> identification card was switched with another card. [Petitioner] does not claim that
> the police found someone else's identification card in the safe and then switched
> it with [petitioner's] identification card. We conclude this claim is without merit.

*Small*, 2015 WL 71631, at *3.  Thus, the court will deny claim thirteen as procedurally

barred.

22

### 10. Claim fourteen

Next, petitioner asserts that the State misled jurors by: telling them they did not need photographic evidence of the keys police used to open the safe, misrepresented petitioner's brother's role, lied about petitioner's address, and improperly argued that more than one person could possess property. Petitioner did not present this argument to the Delaware Supreme Court, and any attempt to do so in a new Rule 61 motion and subsequent appeal would be barred under Rule 61(i)(1) and Rule 61(i)(3). Thus, claim fourteen is exhausted but procedurally defaulted.

Petitioner does not assert any cause for his default of the instant claim. In the absence of cause, the court will not address the issue of prejudice. Accordingly, the court will deny claim fourteen as procedurally barred.

### 11. Claim fifteen

In claim fifteen, petitioner contends that the Superior Court improperly denied his motion to continue his trial. Petitioner presented this claim in his withdrawn Rule 61 motion, but he did not present this claim to the Delaware Supreme Court. Any attempt to exhaust this claim would be barred by Rule 61(i)(1) and Rule 61(i)(3). Thus, the claim is exhausted but procedurally defaulted.

Petitioner does not allege cause for his default. Moreover, even if the court presumes *Martinez* provides cause for the default of this claim, petitioner cannot demonstrate prejudice. Petitioner does not suggest what evidence he would have presented or what witnesses he would have called had the trial been delayed. Thus, the court will deny claim fifteen for being procedurally barred.

23

### 12. Claims nineteen, twenty, and twenty-one

In claims nineteen, twenty, and twenty-one, petitioner contends that appellate counsel should have raised certain issues rather than asserting that he could not find any meritorious issues to raise on appeal and that he should not have filed a motion to withdraw. Petitioner never presented these claims to the Delaware Supreme Court. At this juncture, he would be time-barred from presenting the argument in a new Rule 61 motion under Rule 61(i)(1). Thus, the claims are procedurally defaulted.

Petitioner does not allege any cause for his default of the instant claims. In the absence of cause, the court does not need to address the issue of prejudice. Nevertheless, petitioner has failed to demonstrate any indication that the Delaware Supreme Court's decision on appeal would have been different if appellate counsel had raised the issues petitioner contends should have been raised on appeal. Accordingly, the court will deny claims nineteen, twenty, and twenty-one as procedurally barred.

### 13. Claim twenty-two

In claim twenty-two, petitioner appears to contend that the Delaware Supreme Court erred by failing to appoint new appellate counsel to represent him on direct appeal when his appellate counsel filed a no merit brief and moved to withdraw. This argument is also unavailing. The State contends that this claim is not cognizable on federal habeas review, but the court is not persuaded. However, the record reveals that petitioner did not exhaust state remedies for this claim because he did not present it to the Delaware Supreme Court. Therefore, the court cannot consider the merits of the

24

argument absent a showing of cause and prejudice, or a showing that a miscarriage of

justice will occur in the absence of a merits review.

As with the majority of petitioner's other claims, he does not assert any cause for

his default. In the absence of cause, the court does not need to address the issue of

prejudice. Nevertheless, for the following reasons, the court concludes that petitioner

cannot demonstrate that he will suffer prejudice if claim twenty-two is denied as

procedurally barred.

To begin, even though petitioner represented himself at trial, he requested, and

was appointed, counsel to represent him during his direct appeal. *See Small*, 2015 WL

71631, at *1. The appellate attorney was not the same attorney who served as stand-by

counsel to petitioner during his trial.

In turn, as explained by the Delaware Supreme Court on direct appeal:

On June 4, 2014, [Appellate] Counsel filed an opening brief. [Appellate] Counsel argued that the Superior Court failed to conduct a colloquy with [petitioner] to determine whether [petitioner] knowingly, voluntarily, and intelligently waived his right to counsel. After investigation by the State, a transcript of the Superior Court's colloquy with [petitioner] was obtained and [Appellate] Counsel withdrew the opening brief.

On October 28, 2014, [Appellate] Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). [Appellate] Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter [Appellate] Counsel informed [petitioner] of the provisions of Rule 26(c) and provided [petitioner] with a copy of the motion to withdraw and the accompanying brief.

[Appellate] Counsel also informed [petitioner] of his right to identify any point she wished this Court to consider on appeal. [Petitioner] did not respond to Counsel with any points within thirty days as required by Supreme Court Rule 26)(c)(iii). Instead, on October 31, 2014, [petitioner] filed a 155 page document with the Court titled "Document to be Added to 26c Brief." The State has responded to

> the issues raised by [petitioner] and moved to affirm the Superior Court's judgment

*Small*, 2015 WL 71631, at *1.  After setting forth and applying the applicable United

States Supreme Court precedent governing motions to withdraw, *id.*, the Delaware

Supreme Court opined that

> [t]his Court has reviewed the record carefully and has concluded that [petitioner's] appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that [petitioner's] counsel has made a conscientious effort to examine the record and the law and has properly determined that [petitioner] could not raise a meritorious claim in this appeal.
>
> NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

*Small*, 2015 WL 71631, at *4.

The Supreme Court has held that an attorney may withdraw from representing a

client on appeal, so long as the attorney follows a procedure that "affords adequate and

effective appellate review to [the] indigent defendant[]" and, therefore, "reasonably

ensures that an indigent appeal will be resolved in a way that is related to the merit of

that appeal." *Smith v. Robbins*, 528 U.S. 259 (2000).  In *Anders v. California*, 386 U.S.

738 (1967),[4] the United States Supreme Court articulated a procedure designed to

protect an indigent appellant's constitutional rights when his attorney moves to

withdraw.  Pursuant to *Anders*, defense counsel must conduct a "conscientious

examination" of the case before seeking to withdraw from the case, and then file an

appellate brief "referring to anything in the record that might arguably support the

---

[4]Although the *Smith* Court acknowledged that there may be procedures other than the one articulated in *Anders*, *Anders* is still good law.  *See Smith*, 528 at 273.

26

appeal." *Anders*, 386 U.S. at 744. The defendant must be given a copy of counsel's brief and given an opportunity to raise any points he wishes. *Id.* Then, the state appellate court must conduct a "full examination of all the proceedings to decide whether the case is wholly frivolous." *Id.* "If the court is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case, then leave to withdraw may be allowed and leave to appeal may be denied." *Id.* at 741-42; *McCoy v. Court of Appeals of Wisconsin, District 1*, 486 U.S. 429, 442 (1988).

In Delaware, motions to withdraw from representing an appellant are governed by Delaware Supreme Court Rule 26(c) which, in turn, is modeled on the procedure set forth in *Anders*. *See* Del. Sup. Ct. R. 8, Committee Comment. The record in petitioner's case reveals that counsel followed the proper procedure for withdrawal under Rule 26 and, therefore, he also followed the proper withdrawal procedure articulated in *Anders*. For example, counsel thoroughly reviewed the record, determined that there were no meritorious appellate claims, and drafted a Rule 26 motion to withdraw as well as an appellate brief. (D.I. 8-1 at 84-94; D.I.9 at 110) Counsel then provided petitioner with a copy of the motion to withdraw, the appellate brief, and a letter advising petitioner that he could provide written points that he wanted appellate counsel to include in the brief within thirty days. Petitioner did not provide appellate counsel with any such points, but he did provide the Delaware Supreme Court with materials he wished that court to consider in connection with the appeal. (D.I. 8-1 at 84-94; D.I.9 at 110) Finally, the Delaware Supreme Court conducted its own

27

independent review of the record, determined that counsel made a conscientious

examination of the record before moving to withdraw, and concluded that petitioner's

appeal was wholly without merit and that his case was "devoid of any arguably

appealable issue." *Small*, 2015 WL 71631, at *4. Given these circumstances, petitioner

has failed to demonstrate sufficient prejudice to excuse his default. Accordingly, the

court will deny claim twenty-two as procedurally barred.

### 14. Claim twenty-three

Next, petitioner contends that the trial transcripts contain inaccuracies and that

the court reporter destroyed the transcript of Corporal Gigliotti's June 21, 2013

testimony. This claim was never presented to the Delaware Supreme Court, and is

procedurally defaulted because any further review would be barred by Rule 61(i)(1) and

Rule 61(i)(3).

Petitioner does not assert any cause for his default of this claim which, in turn,

relieves the court of a duty to address the issue of prejudice. Nevertheless, petitioner

cannot show prejudice. In its July 9, 2015 order denying petitioner's discovery related

motions, the Superior Court opined that

> defendants are not allowed to "fix" transcripts when they do not like what is
> reflected in a transcript. Furthermore, the reason offered by [petitioner] for his
> request to "fix" a transcript seems to be premised on his (erroneous) belief that
> he saw and heard a particular officer (Cpl. Gigliotti) testify at his trial.
> [Petitioner's] recollection is faulty. Indeed, [petitioner] waived the officer's
> appearance. [Petitioner's] mistaken belief serves to underscore the necessity to
> preserve the integrity of the transcript prepared by an official court reporter.

The record is clear that Cpl. Gigliotti did not testify:

> > [Petitioner]: I'll just make a note that there is a possibility that I
> > need Gigliotti, but he's unavailable, so not to hold up the Court, I

28

just decided to continue.

Superior Court: So you're saying that you are proceeding without Officer Gigliotti?

[Petitioner]: Yeah.

Superior Court: Okay. All right. Have you decided what witnesses you're going to call if you are going to call any witnesses?

[Petitioner]: Just Bouldin and Cumberbatch are the only people I'm going to call, I believe. I heard a fourth officer, but I don't think I need him. Excuse me. Could you say the names, because you named four.

Superior Court: He was talking about Santos at one point.

[Petitioner]: Okay. Then that was Santos. Santos is not needed.

Superior Court: And Delaney was the other one that came up.

[Petitioner]: Delaney is not needed. I think Cumberbatch, Bouldin. And Gigliotti is not available and Gigliotti won't be available until when, if there is a possibility?

Superior Court: He's on vacation and this case is going forward today.

[Petitioner]: Okay. Thank you.

(D.I. 9 at 80-81). Given these circumstances, petitioner cannot show what

prejudice he would suffer from this court's refusal to consider the claim. Hence, the

court will deny claim twenty-three as procedurally barred.

### 15. Claim twenty-nine

During his defense case, petitioner called three police officers as witnesses

(Casey Bouldin, Kevon Cumberbatch, and Roberto Herrera-Cortes). During the State's

cross examination of Detective Cumberbatch, petitioner objected on the basis that this

29

was not the officer he wanted to call, and asked the court to strike all of Cumberbatch's testimony. (D.I. 22-7 at 15)

In claim twenty-nine, petitioner contends that Detective Bouldin should not have testified, because he wanted to call a police officer who arrested him whose physical description he gave as a bald headed black man with glasses, who actually was not bald, but had been wearing a ski mask at the time of petitioner's arrest. Petitioner seems to suggest that he actually intended to call Detective Hererra-Cortes.

As an initial matter, the court is not persuaded that the instant claim asserts an issue cognizable on federal habeas review. However, even if it is cognizable, the claim is procedurally barred. Petitioner did not present claim twenty-nine to the Delaware Supreme Court, and any attempt to exhaust state remedies at this juncture would be barred by Rule 61(i)(1) and Rule 61(i)(3). Petitioner does not assert any cause for his default of the claim. He also cannot demonstrate any prejudice. Petitioner seems to suggest that the officer he really wanted to call to the stand was Detective Herrera-Cortes, yet Detective Herrera-Cortes testified during the State's case-in-chief and when petitioner called him in the defense case. Accordingly, the court will deny claim twenty-nine as procedurally barred.

### D. Claims Twenty-Seven and Twenty-Eight: Meritless

In claims twenty-seven and twenty-eight, petitioner contends that the State selectively prosecuted him because it did not charge other people in the residence with weapons offenses. These claims are exhausted since petitioner presented them to the Delaware Supreme Court on direct appeal. The Delaware Supreme Court

30

denied these claims on their merits. Therefore, petitioner will only be entitled to habeas corpus relief if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established federal law.

The clearly established federal law governing selective prosecution claims was set forth in in *Wayte v. United States*, 470 U.S. 498, 607 (1985). In *Wayte*, the Supreme Court opined that that the executive branch has "'broad discretion' as to whom to prosecute." *Wayte*, 470 U.S. at 607 (quoting *United States v. Goodwin*, 457 U.S. 368, 380 n.11 (1982). "[T]he decision to prosecute is particularly ill-suited to judicial review." *Wayte*, 470 U.S. at 607. "Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." *Id.* The constitution only limits prosecutorial discretion when "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* at 608 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)).

As an initial matter, even though the Delaware Supreme Court did not cite to *Wayte* when denying the instant claim, the Delaware Supreme Court case to which it did cite (*Albury v. State*, 551 A.2d 53, 61 (Del. 1988)) cited to *Wayte*. Therefore, the Delaware Supreme Court's decision is not contrary to clearly established federal law.

The court also concludes that the Delaware Supreme Court reasonably applied *Wayte* to petitioner's case. When denying the instant claims, the Delaware Supreme Court opined that:

31

The State "has broad discretion as to whom to prosecute." To establish a claim of selective prosecution, the defendant must show that: (i) the policy to prosecute or enforce the law had a discriminatory effect; and (ii) was motivated by a discriminatory purpose.

[Petitioner's] selective prosecution claim appears to be based on his contention that his mother and another woman at 27 Bedford Drive were not arrested and that his brother was not prosecuted. As to the women at 27 Bedford Drive, there is no indication in the record that they were prohibited from owning a firearm like [petitioner] and his brother. As to [petitioner's] brother, he was indicted, along with [petitioner], for PFBPP. The record does not reflect what happened to that charge. [Petitioner] has not established a claim for selective prosecution.

*Small*, 2015 WL 71631, at *4 (footnotes and paragraph numbers omitted).

In this case, petitioner has failed to establish a prima facie claim of selective

prosecution, because he does not contend the State prosecuted him based on any

unjustifiable standard.  As the Delaware Supreme Court observed, the women present

in the residence whom police did not arrest were not persons prohibited from

possessing a firearm. The State also prosecuted petitioner's brother regarding the

weapon, but dismissed the charge at the start of petitioner's trial.  Given these

circumstances, the court concludes that the Delaware Supreme Court's decision

denying petitioner's claim of selective prosecution does not warrant relief under §

2254(d)(1).

## VI. PENDING MOTION

Presently pending before the court is petitioner's motion for representation by

counsel.  (D.I. 15)  The court has already determined that petitioner's application must

be denied. Therefore, the court will dismiss as moot petitioner's motion for

representation by counsel.

32

## VII. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be denied as procedurally barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VIII. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.